LUM JONES v. THE STATE.

No. 5673. Decided February 11, 1920.

**Murder—Sufficiency of the Evidence.**

Where, upon trial of murder, the evidence, although conflicting, was sufficient to sustain the conviction under a proper charge of the court, there was no reversible error.

Appeal from the District Court of Leon. Tried below before the Hon. Ben H. Powell, judge.

Appeal from a conviction of murder; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was allotted a term of six years in the penitentiary for murder.

The question presented is the sufficiency of the evidence to support the conviction. This case is not an exception to the general rule that the testimony is quite variant in regard to the trouble resulting in the homicide. Appellant killed his brother-in-law at the residence of deceased. The wife of appellant had gone on a visit to her brother, and appellant had gone after her to carry her home. She declined to go and this seems to have originated the trouble. The State's theory is that appellant became boisterous, and so much so that the wife of deceased called him (deceased) into the house. When he came in he ordered appellant to leave his place on account of this conduct. Appellant went to his wagon out near the gate about thirty steps away, deceased went out in the yard a few feet from the residence. Appellant shot him three times, killing him. Appellant's contention was that deceased had acted in such way towards him in the house, and also by following him out in the yard, that he believed his life was in danger. So he went to his wagon and got his gun, and as deceased was standing near the house he shot him. Deceased was armed but not with anything that he could use at the time, but appellant's contention was that one of the boys was on the gallery close by deceased and that deceased was seeking to get a gun from him at the time he shot. Before this occurred the evidence shows that appellant had gone to the wagon and secured his gun. The court charged upon the theory of self-defense. There were no exceptions taken to the charge, or to the admission or rejection of testimony. We are of opinion that the jury were justified in their verdict under the facts.

The judgment will, therefore, be affirmed.

*Affirmed.*